

## Fourth Court of Appeals
### San Antonio, Texas

### MEMORANDUM OPINION

No. 04-21-00358-CV

**IN RE** Pedro D. **LOPEZ**, as Next Friend of P.L.L., R.L., M.A.L., and M.L., Minors, Relator

Original Mandamus Proceeding[1]

PER CURIAM

Sitting:       Irene Rios, Justice
                Liza A. Rodriguez, Justice
                Lori I. Valenzuela, Justice

Delivered and Filed: September 8, 2021

PETITION FOR WRIT OF MANDAMUS DENIED

On August 25, 2021, relator filed a petition for writ of mandamus complaining the trial court abused its discretion when it denied relator's application for an ex parte temporary restraining order and a temporary injunction. Mandamus is an extraordinary remedy, available only when the relator can show (1) the trial court clearly abused its discretion; and (2) there is no adequate remedy by appeal. *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding).

"A temporary restraining order is one entered as part of a motion for a temporary injunction, by which a party is restrained pending the hearing of the motion." *Del Valle Indep. Sch. Dist. v. Lopez*, 845 S.W.2d 808, 809 (Tex. 1992); *see also In re Spiritas Ranch Enters., L.L.P.*, 218 S.W.3d 887, 895 (Tex. App.—Fort Worth 2007, orig. proceeding) ("A [temporary restraining

---

[1] This proceeding arises out of Cause No. 2021-CVK-001546-D3, styled *Pedro D. Lopez, as Next Friend of P.L.L., R.L., M.A.L., and M.L., Minors*, pending in the 341st Judicial District Court, Webb County, Texas. The Honorable Beckie Palomo signed the order at issue in this original proceeding.

order] restrains a party from acting only during the pendency of a motion for temporary injunction, i.e., until a full evidentiary hearing on the motion occurs."). Because the relief sought by relator on the temporary restraining order was only available pending a hearing on the application for a temporary injunction—and the trial court has already denied the application for a temporary injunction—relator's complaint regarding the trial court's refusal to issue a temporary restraining order is moot. *See In re U.S. Expl., Inc.*, No. 9-08-344-CV, 2008 WL 3522361, at*1 (Tex. App.—Beaumont Aug. 13, 2008, orig. proceeding) ("[T]he mandamus proceeding [appealing a temporary restraining order] will become moot if the trial court enters a temporary injunction or the restraining order expires."). We do not review temporary orders that are moot because such a review would constitute an impermissible advisory opinion. *See Nat'l Collegiate Athletic Ass'n v. Jones*, 1 S.W.3d 83, 86 (Tex. 1999).

Relator has a right to interlocutory appeal of the trial court's refusal to issue a temporary injunction. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(4) ("A person may appeal from an interlocutory order of a district court . . . that: . . . (4) grants or refuses a temporary injunction . . . ."); *In re U.S. Expl. Inc.*, 2008 WL 3522361, at *1 ("If the trial court grants or refuses a temporary injunction, the parties will be able to pursue an accelerated appeal."). Because relator has an adequate remedy by way of interlocutory appeal, he is not entitled to mandamus relief on the issue of whether the trial court erred by denying his request for a temporary injunction.

After considering the petition and the record, this court concludes relator did not show he is entitled to the relief sought. Accordingly, the petition for writ of mandamus is denied. *See* TEX. R. APP. P. 52.8(a).

PER CURIAM